**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, THE STATE OF FLORIDA
CIVIL DIVISION**

**KEITH MICHAEL GLUCK**                    **Case no.**
                    **Plaintiff,**

**vs.**

**GEICO GENERAL INSURANCE COMPANY
A Foreign Profit
Corporation,**
                    **Defendant.**                    /

## COMPLAINT

**COMES NOW**, the Plaintiff, **KEITH MICHAEL GLUCK**, by and through undersigned counsel, sues the Defendant, **GEICO GENERAL INSURANCE COMPANY** (hereinafter referred to as "**GEICO**" ), and alleges:

1. This is an action for damages that exceeds Fifteen Thousand ($15,000.00) Dollars, exclusive of costs and interest.

2. The Sixth Judicial Circuit Court has venue pursuant to Florida Statutes, **§47.041**, because the first cause of action occurred in Pinellas County and the second cause of action occurred in Hillsborough County and the injuries sustained by the Plaintiff cannot be separated.

3. The Sixth Judicial Circuit Court has personal jurisdiction over Defendant, **GEICO,** pursuant to Florida Statutes §48.193, because said company contracted to insure persons, property, and/or risks located within the state of Florida at the time of contracting, and because said company operated, conduced, engaged in, or carried on a business or business venture within the state of Florida.

4. Plaintiff, **KEITH MICHAEL GLUCK ,** is now, and was at the time of the incident, a resident of Pasco County, Florida.

[17-PI-1503/2386964/1]

***ELECTRONICALLY FILED 02/06/2019 01:30:03 PM: KEN BURKE, CLERK OF THE CIRCUIT COURT, PINELLAS COUNTY***

5.  Defendant, **GEICO**, is now, and was at the time of the incident, a foreign corporation licensed to, and doing business within the State of Florida.

## COUNT I

6.  On or about  December 16, 2017, Plaintiff, **KEITH MICHAEL GLUCK** , operated a 2005 Acura motor vehicle and was stopped in traffic in the median lane of  Gulf to Bay Blvd. for traffic that had stopped for the red light at S. Lake Avenue  in Pinellas County, Florida.

7.  At the same time and place, Marketin Gjekaj, operated a 2010 Ford Focus motor vehicle, travelling eastbound on Gulf to Bay Blvd. in the median lane approaching the S. Lake Avenue intersection and looked down and failed to notice traffic was stopped ahead.

8.  At the same time and place, Marketin Gjekaj , did so negligently operate, control, and/or maintain the motor vehicle that he was driving to cause it to and collided into the rear end of a 2005 Acura operated by **KEITH MICHAEL GLUCK.**

9.  As a result of the collision caused by the negligence of Marketin Gjekaj, Plaintiff, **KEITH MICHAEL GLUCK** , suffered serious and permanent injury.

10. As a result, Plaintiff, **KEITH MICHAEL GLUCK** , suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care, and treatment, loss of earnings, loss of ability to earn money and aggravation of a pre-existing condition. The losses are either its repair or replacement.  The losses are permanent and continuing and Plaintiff will suffer the losses in the future.

11. At all times material hereto, Marketin Gjekaj failed to carry adequate bodily injury insurance to compensate Plaintiff, **KEITH MICHAEL GLUCK** , for his injuries.

12. At all times material hereto, there was in full force and effect a policy of automobile liability insurance, **Policy Number 4377-09-00-65**, containing uninsured/underinsured motorists coverage, issued by Defendant, GEICO, to cover Plaintiff's, KEITH MICHAEL GLUCK , injuries and damages described herein above while involved in a motor vehicle collision. The proceeds of the policy issued by Defendant, **GEICO,** insure to the benefit of Plaintiff, **KEITH MICHAEL GLUCK** , as "insured" under said policy. Plaintiff is not in possession of a complete copy of said policy. However, Defendant possesses a complete copy of said policy, and is well aware of its contents.

13. Coverage for the damages suffered by the Plaintiff in the subject accident was available to the Plaintiff under his **GEICO** policy, since the Plaintiff was occupying a vehicle covered under the policy and since he was injured as a result of the negligence of an uninsured/underinsured motorist.

14. Notice of the subject accident was promptly furnished by the Plaintiff to the Defendant, and the Plaintiff has complied with all conditions precedent prior to the institutions of this action or the same have otherwise already occurred.

   **WHEREFORE**, the Plaintiff, KEITH MICHAEL GLUCK , demands judgment against the Defendant, GEICO, for all damages provided by law, and further demands trial by jury.

## COUNT II

15. On or about February 28, 2018, Plaintiff, **KEITH MICHAEL GLUCK**, operated a 2005 Acura motor vehicle and was stopped in traffic in the eastbound lane of Van Dyke Road for traffic that had stopped in Hillsborough County, Florida.

[17-PI-1503/2386964/1]

16. At the same time and place, Gloria Virginia Roger, operated a 1999 Honda Accord motor vehicle, travelling eastbound on Van Dyke Road approaching the Lake Reflections Boulevard intersection and failed to notice traffic had stopped.

17. At the same time and place, Gloria Virginia Roger, did so negligently operate, control, and/or maintain the motor vehicle that she was driving to cause it to and collided into the rear end of a 2005 Acura operated by **KEITH MICHAEL GLUCK** which then caused his vehicle to go forward and hit the vehicle in front of him.

18. As a result of the collision caused by the negligence of Gloria Virginia Roger, Plaintiff, **KEITH MICHAEL GLUCK** , suffered serious and permanent injury.

19. As a result, Plaintiff, **KEITH MICHAEL GLUCK** , suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expenses of hospitalization, medical and nursing care, and treatment, loss of earnings, loss of ability to earn money and aggravation of a pre-existing condition. The losses are either its repair or replacement. The losses are permanent and continuing and Plaintiff will suffer the losses in the future.

20. At all times material hereto, Gloria Virginia Roger failed to carry adequate bodily injury insurance to compensate Plaintiff, **KEITH MICHAEL GLUCK** , for his injuries.

21. At all times material hereto, there was in full force and effect a policy of automobile liability insurance, **Policy Number 4377-09-00-65**, containing uninsured/underinsured motorists coverage, issued by Defendant, GEICO, to cover Plaintiff's, KEITH MICHAEL GLUCK , injuries and damages described herein above while involved in a motor vehicle collision. The proceeds of the policy issued by Defendant, **GEICO,** insure to the benefit of Plaintiff, **KEITH MICHAEL GLUCK** , as "insured" under said

policy. Plaintiff is not in possession of a complete copy of said policy. However, Defendant possesses a complete copy of said policy, and is well aware of its contents.

22. Coverage for the damages suffered by the Plaintiff in the subject accident was available to the Plaintiff under his **GEICO** policy, since the Plaintiff was occupying a vehicle covered under the policy and since he was injured as a result of the negligence of an uninsured/underinsured motorist.

## COUNT III

## INSURANCE BAD FAITH

23. Plaintiff, **KEITH MICHAEL GLUCK** , adopts and realleges all prior material paragraphs as if fully set forth herein.

24. Upon issuance or renewal of said insurance policy to the Plaintiff, Defendant became obligated to comply with the duties prescribed in Section 624.155 and Section 626.9541, Florida Statutes.

25. Plaintiff has performed all conditions precedent to the bringing of this action pursuant to Section 624.155, Florida Statutes, by providing written notice of the Defendant's violations pursuant to a Civil Remedy Notice of Insurer Violation sent to the State of Florida, Department of Insurance and to the Defendant. A copy of said Civil Remedy Notice for date of accident December 16, 2017 dated August 24, 2018 and Notice Letter dated August 24, 2018 are attached hereto and marked as Exhibit A and GEICO response dated October 2, 2018 is attached as Exhibit B.

26. Upon the issuance or renewal of the policy and pursuant to Section 624.155, the Defendant had a continuing duty to act fairly and honestly toward its insured, **KEITH**

[17-PI-1503/2386964/1]

**MICHAEL GLUCK** , and to attempt to settle the claims of the Plaintiff when under all circumstances it could and should have done so, had it acted fairly and honestly toward Plaintiff and with due regard for Plaintiff's interest.

27. At all times material, Defendant knew that its $100,000 policy limits were inadequate to compensate Plaintiff for the serious and permanent injuries he sustained in the December 16, 2017 automobile accident.

28. Defendant has breached its continuing duties under Section 624.155 by not attempting in good faith to settle Plaintiff's claim when under all the circumstances it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his interest. The Defendant breached its duties of good faith by, including but not limited to, the following acts and omissions.

a. Improper handling of the claim;

b. Refusing to settle the claim in a timely manner;

c. Failing to tender the policy limits in a timely manner, especially in light of the serious and permanent injuries suffered by the Plaintiff, the value of which are clearly in excess of the policy limits; and

d. Failing to promptly settle Plaintiff's claim when the obligation to settle the claim had become reasonably clear.

29. Defendant also failed to cure the violations under Section 624.155 by failing to pay all the damages owed within sixty (60) days of the Civil Remedy Notice Letter and by failing to otherwise correct the circumstances giving rise to the violation.

30. All of the continuing acts of bad faith by the Defendant caused the Plaintiff damages, including but not limited to, economic losses, interest on the unpaid insurance benefits,

costs of the underlying action and of this action and attorney's fees for the underlying action and for this action.

31. Pursuant to Sections 627.727(10) and 624.155 Florida Statutes, in this action Plaintiff, **KEITH MICHAEL GLUCK** , is entitled to recover the full amount of his damages caused by the negligence of the uninsured/underinsured tortfeasor, including damages in excess of the $100,000 uninsured/underinsured policy limits.

32. The above-mentioned acts of the Defendant required Plaintiff to retain the Law Offices of Lucas Magazine to represent him in this action, and Plaintiff has agreed to pay them attorney's fees for their services in this action and has agreed to reimburse them for costs advanced in the prosecution of this action.

33. Plaintiff seeks to recover his attorney's fees, against Defendant pursuant to the provisions of Sections 624.155 and 627.428 Florida Statutes.

   **WHEREFORE**, Plaintiff, **KEITH MICHAEL GLUCK** , demands judgment, damages and costs against the Defendant, **GEICO CASUALTY INSURANCE** COMPANY and for the total amount of his compensatory damages, consequential damages, attorney's fees and costs of this action and interest on the unpaid benefits and on any judgment in this action and further demands trial by jury on all issues so triable.

## COUNT IV

## INSURANCE BAD FAITH

34. Plaintiff, **KEITH MICHAEL GLUCK** , adopts and realleges all prior material paragraphs as if fully set forth herein.

35. Upon issuance or renewal of said insurance policy to the Plaintiff, Defendant became obligated to comply with the duties prescribed in Section 624.155 and Section 626.9541, Florida Statutes.

36. Plaintiff has performed all conditions precedent to the bringing of this action pursuant to Section 624.155, Florida Statutes, by providing written notice of the Defendant's violations pursuant to a Civil Remedy Notice of Insurer Violation sent to the State of Florida, Department of Insurance and to the Defendant. A copy of said Civil Remedy Notice for date of accident February 28, 2018 dated August 24, 2018 and Notice Letter dated August 24, 2018 are attached hereto and marked as Exhibit C and GEICO response dated October 2, 2018 is attached as Exhibit D.

37. Upon the issuance or renewal of the policy and pursuant to Section 624.155, the Defendant had a continuing duty to act fairly and honestly toward its insured, **KEITH MICHAEL GLUCK** , and to attempt to settle the claims of the Plaintiff when under all circumstances it could and should have done so, had it acted fairly and honestly toward Plaintiff and with due regard for Plaintiff's interest.

38. At all times material, Defendant knew that its $100,000 policy limits were inadequate to compensate Plaintiff for the serious and permanent injuries he sustained in the December 16, 2017 automobile accident.

39. Defendant has breached its continuing duties under Section 624.155 by not attempting in good faith to settle Plaintiff's claim when under all the circumstances it could and should have done so, had it acted fairly and honestly toward its insured and with due regard for his interest. The Defendant breached its duties of good faith by, including but not limited to, the following acts and omissions.

a.  Improper handling of the claim;

b.  Refusing to settle the claim in a timely manner;

c.  Failing to tender the policy limits in a timely manner, especially in light of the serious and permanent injuries suffered by the Plaintiff, the value of which are clearly in excess of the policy limits; and

d.  Failing to promptly settle Plaintiff's claim when the obligation to settle the claim had become reasonably clear.

40. Defendant also failed to cure the violations under Section 624.155 by failing to pay all the damages owed within sixty (60) days of the Civil Remedy Notice Letter and by failing to otherwise correct the circumstances giving rise to the violation.

41. All of the continuing acts of bad faith by the Defendant caused the Plaintiff damages, including but not limited to, economic losses, interest on the unpaid insurance benefits, costs of the underlying action and of this action and attorney's fees for the underlying action and for this action.

42. Pursuant to Sections 627.727(10) and 624.155 Florida Statutes, in this action Plaintiff, **KEITH MICHAEL GLUCK** , is entitled to recover the full amount of his damages caused by the negligence of the uninsured/underinsured tortfeasor, including damages in excess of the $100,000 uninsured/underinsured policy limits.

43. The above-mentioned acts of the Defendant required Plaintiff to retain the Law Offices of Lucas Magazine  to represent him in this action, and Plaintiff has agreed to pay them attorney's fees for their services in this action and has agreed to reimburse them for costs advanced in the prosecution of this action.

44. Plaintiff seeks to recover his attorney's fees, against Defendant pursuant to the provisions of Sections 624.155 and 627.428 Florida Statutes.

**WHEREFORE**, Plaintiff, **KEITH MICHAEL GLUCK** , demands judgment, damages and costs against the Defendant, **GEICO CASUALTY INSURANCE** COMPANY and for the total amount of his compensatory damages, consequential damages, attorney's fees and costs of this action and interest on the unpaid benefits and on any judgment in this action and further demands trial by jury on all issues so triable.

## DEMAND FOR JURY TRIAL

Plaintiff, **KEITH MICHAEL GLUCK** , demands trial by jury on all issues triable as a matter of right.

**Law Offices of Lucas | Magazine**

**JAMES L. MAGAZINE, ESQUIRE**
Florida Bar No. : 847232
The Law Offices of Lucas Magazine  PLLC
Liberty Professional Center
8606 Government Drive
New Port Richey, FL  34654
Ph. (727) 849-5353 Fax (727) 845-7949
Email:  LucasMagazine@LucasMagazine.com
          Jim@lucasmagazine.com
          LSolfio@LucasMagazine.com
Attorneys for Plaintiff

[17-PI-1503/2386964/1]