UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KEITH MICHAEL GLUCK,**

    **Plaintiff,**

v.                                                                                              Case No: 8:19-cv-634-T-27AEP

**GEICO GENERAL INSURANCE COMPANY,**

    **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Dismiss Counts III and IV of Plaintiff's Complaint and Plaintiff's opposition (Dkts. 3, 6). Defendant seeks dismissal of Plaintiff's statutory bad faith claims in Counts III and IV as premature. Plaintiff acknowledges that his bad faith claims have not accrued but urges abatement rather than dismissal. Upon consideration, Defendant's motion is **GRANTED**. Counts III and IV of Plaintiff's Complaint are dismissed without prejudice.

A determination of liability and the full extent of damages is a prerequisite to a bad faith cause of action in Florida. *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1275 (Fla. 2000), *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991). As the Florida Supreme Court reasons, "an insured's claim against an uninsured motorist carrier for failing to settle the claim in good faith does not accrue before the conclusion of the underlying litigation for the contractual uninsured motorist insurance benefits. Absent a determination of the existence of liability on the part of the uninsured tortfeasor and the extent of the plaintiff's damages, a cause of action *cannot exist for a bad faith failure to settle*." *Blanchard*, 575 So. 2d at 1291 (emphasis added). It follows that "a

complaint for a bad-faith claim requires an allegation that there has been a determination of damages." *Imhof v. Nationwide Mut. Ins. Co.*, 643 So. 2d 617, 619 (Fla. 1994). And the Florida Supreme Court instructs that "without a determination of damages, *Imhof* requires the bad faith complaint to be dismissed." *Fridman v. Safeco Ins. Co. of Illinois*, 185 So. 3d 1214, 1222 (Fla. 2016). Notwithstanding, the Florida Supreme Court favors abatement over dismissal, when the bad faith claim is filed simultaneously with an underlying coverage claim. *See Allstate Indem. Co. v. Ruiz*, 899 So. 2d 1121, 1130 (Fla. 2005); *Fridman*, 185 So. 3d at 1229.

However, federal courts are courts of limited jurisdiction, bound by the "case and controversy" requirement in Article III of the Constitution, which prevents adjudication of cases that are unripe. *Nat'l Advert. Co. v. City of Miami*, 402 F.3d 1335, 1338 (11th Cir. 2005). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted). Success on Plaintiff's UM claims and a verdict in excess of his policy limits are contingent events that may not occur. Accordingly, where, as here, Plaintiff is unable to plead an essential element of his statutory bad faith claims, those claims should be dismissed without prejudice to his right to refile them after his UM claims are resolved. *See Lord Abbett Mun. Income Fund, Inc. v. Tyson*, 671 F.3d 1203, 1207 (11th Cir. 2012) (complaint that fails to allege a claim for which relief can be granted should be dismissed).

**DONE AND ORDERED** this 27th day of June, 2019.

*/s/ James D. Whittemore*
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Counsel of Record