UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEITH MICHAEL GLUCK,

    Plaintiff,

v.                                                           Case No: 8:19-cv-634-T-27AEP

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant Geico General Insurance Company's Motion for Determination of a Reasonable Fee for the Appearance and Time of Victor M. Hayes, M.D. at His Deposition. (Dkt. 15). Dr. Hayes and Plaintiff Gluck have not filed a response. Upon consideration, the motion is **GRANTED**.

**I.    BACKGROUND**

Geico represents that it has "begun the process of scheduling the deposition of non-party, Victor M. Hayes, M.D.," who requested payment of $1,250 for a one-hour deposition. (Id. at 1; Dkt. 15-1 at 1). Geico contends that this fee is "unreasonable and has resulted in a dispute between Geico and Victor M. Hayes, M.D., regarding the amount of a reasonable fee for his deposition," and seeks an order specifying the total fee due to Dr. Hayes for his deposition. (Id.). Geico further cites *Fell v. United States*, No. 3:15-cv-541/MCR/EMT, 2017 WL 2819040 (N.D. Fla. June 9, 2017), *report and recommendation adopted*, No. 3:15CV541/MCR/EMT, 2017 WL 2817881 (N.D. Fla. June 29, 2017), in which the court determined that an hourly fee of $500 was reasonable

1

compensation for an orthopedic surgeon's deposition. (Id. at 2).

Geico's counsel certifies that he conferred with Dr. Hayes' counsel prior to filing the motion and that service of the motion was to be made upon counsel by mail. (Id.). The deposition is currently scheduled for February 10, 2020, with payment due seven days beforehand. (Dkt. 15-1 at 1).[1]

## II. STANDARD

Rule 26(b)(4)(A) of the Federal Rules of Civil Procedure provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Rule 26 further provides that "[u]nless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery . . . ." Fed. R. Civ. P. 26(b)(4)(E)(i).

Factors relevant to determining what is "reasonable" include "(1) the prevailing rate for a comparable, available expert; (2) the witness's area of expertise; (3) the education and training required for the opinion sought; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee being charged to those who retained the expert; (6) the cost of living in the particular geographic area; (7) fees traditionally charged on related matters; and (8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26." *Fell*, 2017 WL 2819040, at *3; *see also Zayas v. Osceola Mental Health Inc.*, No. 6:07-cv-1779-Orl-31KRS, 2008 WL 11436771, at *1 (M.D. Fla. Aug. 12, 2008).

---

[1] Geico does not object to this or any term in Dr. Hayes' form, other than the amount of the fee for the one-hour deposition. Accordingly, the Order is limited to that issue.

2

## III. DISCUSSION

Dr. Hayes appears to be an orthopedic specialist (Dkt. 15-1 at 1), and $500 per hour is deemed a reasonable fee for his appearance at a deposition.

The reasoning in *Fell* is persuasive. The court began by noting that the caselaw reflects a willingness to "reduc[e] fees deemed to be exorbitant" and citing cases that determined rates between $250 and $600 to be reasonable for a physician's deposition. *Fell*, 2017 WL 2819040, at *3 (citations omitted). The court further found that although "various courts have concluded that the burden on proving the reasonableness of an expert's fees lies with the party seeking reimbursement," the question of "what fee is reasonable falls within the discretion of the Court." *Id.* at 4 (internal quotation marks, citations, and modifications omitted). The court concluded that $500 per hour was a reasonable fee for the orthopedist's deposition. *Id.*

Other courts in this district have also found that $500 per hour is a reasonable fee for "highly trained orthopedic surgeons." *Coley v. Wal-Mart Stores E., LP*, No. 3:06-cv-619-J-20HTS, 2008 WL 879294, at *2 (M.D. Fla. Mar. 28, 2008); *see also Zayas v. Osceola Mental Health Inc.*, No. 6:07-cv-1779-Orl-31KRS, 2008 WL 11436771, at *1 (M.D. Fla. Aug. 12, 2008) (rejecting claims for $1,000 and $1,500 an hour); *Cruz v. Home Depot, U.S.A., Inc.*, No. 8:11-cv-1264-T-27TBM, 2011 WL 4836239, at *2 (M.D. Fla. Oct. 12, 2011) (finding $750 per hour reasonable).[2] Based on the record, there is no indication that an amount greater than $500 per hour is appropriate

---

[2] Additionally, it appears that, based on correspondence between the parties' counsel, Dr. Hayes performed medical services for Gluck. *See* (Dkt. 1-3 at 11). Courts have found that "where the testimony is from a treating physician (as opposed to a specially retained expert), the Court should also consider the fact that, '[w]hen knowledge gained [through the doctor-patient] relationship bears on an issue in controversy, the treating physician assumes the obligation born[e] by all citizens to give relevant testimony.'" *Cruz*, 2011 WL 4836239, at *1 (quoting *Cartrette v. T & J Transp., Inc.*, No. 3:10-cv-277-J-25MCR, 2011 WL 899523, at *2 (M.D. Fla. Mar. 15, 2011)). In any event, this finding is unnecessary to support the determination that $500 per hour is a reasonable fee.

in this case.

Accordingly, the motion is **GRANTED** to the extent Dr. Hayes is to be compensated $500 per hour for the deposition on February 10, 2020. To the extent he undertakes deposition preparation, he is to be compensated preparation time at the rate of $125.00 for every fifteen minutes.

**DONE AND ORDERED** this 21st day of January, 2020.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record; Jeffrey G. Rothwell, Counsel for Victor Hayes, M.D.